# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MAHAB ABDI DINI,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 4:19-cv-01065-RDP-JEO |
| | ) |
| **WARDEN, Etowah County** | ) |
| **Detention Center, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Magistrate Judge filed a report and recommendation on September 12, 2019, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice.[1] (Doc. 12). Petitioner filed timely objections. (Doc. 13).

Petitioner objects to the report and recommendation construing his claim as arising under 8 U.S.C. § 1231, asserting he is actually detained pursuant to 8 U.S.C. § 1226(c).[2] (Doc. 13 at 1-2). Relying on precedent from other Courts of Appeal,

---

[1] The Magistrate Judge correctly noted that the "Motion for Preliminary Injunction" (Doc. 10) filed by Petitioner was actually a reply to the respondents' answer and sought no preliminary injunctive relief. (Doc. 12 at 4 n.4). The court **DIRECTS** the Clerk to re-docket that pleading accordingly.

[2] Although Petitioner references 8 U.S.C. § 1226(c), which concerns only criminal aliens, because he proceeds *pro se*, the court construes his arguments as addressing § 1226(a), which applies to all aliens and permits detention "pending a decision on whether the alien is to be removed from the United States" as well as a means to release an alien on bond. 8 U.S.C. § 1226(a)(1) and (2). *See e.g., Nielsen v. Preap,* -- U.S. --, 139 S. Ct. 954, 959-960 (2019) (setting forth distinctions between

Petitioner asserts that when the Ninth Circuit issued a stay of removal, the statutory basis for his detention reverted from § 1231 to § 1226. (*Id.*, at 4-5, 13). He further argues that due process requires he be permitted a bond hearing. (*Id.*, at 9).

Petitioner has obtained a stay of removal from the Ninth Circuit,[3] effectively halting the six month presumptively reasonable removal period under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (noting challenges to a final order of removal "interrupt[] the running of time under *Zadvydas*"). In this Circuit, a stay of removal suspends the time period set forth by § 1231(a)(1), rather than causing the detention to revert to § 1226.[4] *Linares v. Department of Homeland Sec.*, 598 F. App'x 885, 887 n. 2 (11th Cir. 2015); *Davis v. Rhoden*, 2019 WL 2290654, *6-7 (S.D. Fla. 2019); *Deacon v. Shanahan*, 2016 WL 1688577, *5 (N.D. Ala. 2016); *Harrison v. Holder*, 2012 WL

---

§ 1226(a) and § 1226(c)). However, this this liberal construction of the objections does not assist Petitioner as the entry of a final order of removal placed Petitioner's detention squarely under 8 U.S.C. § 1231.

[3] *Dini v. Barr*, Case No. 19-70060 (9th Cir. June 26, 2019).

[4] Petitioner's arguments conflate the "final order of removal" with the "removal period." Section 1226, by its terms, applies only prior to entry of a "final order of removal." In contrast, as relevant here, after entry of a final order of removal, the "removal period" begins to run only when, "if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii). To hold § 1226 reapplies after entry of a final order of removal, based on the petitioner's decision to seek review and a stay of removal in a Circuit Court, requires an implicit finding that the challenged Order of Removal loses its status as a "final" order. But without that finality, the need to obtain a stay of removal becomes superfluous. *See e.g., Adu v. U.S.Attorney General*, --F. App'x --, 2019 WL 4463501, *8 n.3 (11th Cir., Sept. 18, 2019) (noting "our jurisdiction is limited to reviewing final orders of removal …").

4479258, *4 (N.D. Ala. 2012); *Guentangue v. Bateman*, 2006 WL 3361428, *4 (S.D. Ala. 2006). While other Circuits have decided this issue differently, *see e.g., Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008),[5] this court is bound to follow the Eleventh Circuit's precedent. That precedent states when Petitioner filed a motion to stay in the Ninth Circuit, the presumptively reasonable removal period under § 1231 ceased to run. *See e.g., De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute … 8 U.S.C. § 1231 (a), which controls the detention and removal of an alien subject to a final order of removal.") (emphasis in original); *Elcock v. Stieff*, 554 F.Supp.2d 1279, 1283 (S.D. Ala. 2008) (noting that when order of removal became final, detention pursuant to § 1231 began).

Petitioner's due process argument fairs no better. As an arriving alien, "seeking initial admission to the United States," the petitioner "requests a privilege

---

[5] In that case, the Ninth Circuit stated:

> We ... hold that § 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review. Such aliens may be detained, however, pursuant to § 1226(a), which allows the Attorney General to detain any alien "pending a decision on whether the alien is to be removed from the United States."

*Prieto-Romero*, 534 F.3d at 1059.

and has no constitutional rights regarding his applications." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). The Supreme Court has consistently held that constitutional rights apply only to those within the United States. *Zadvydas*, 533 U.S. at 693 (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 269 (1990) (the "Fifth Amendment's protections do not extend to aliens outside the territorial boundaries."); *Demore v. Kim*, 538 U.S. 510, 522 (2003) ("this Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens."). While some district courts have questioned this conclusion, *see e.g., Alexandre v. Decker*, 2019 WL 1407353, *4 (S.D.N.Y. March 28, 2019) ("[E]ven an "arriving alien" is entitled to a base level of procedural due process through which his or her detention must be evaluated."); *Bermudez Paiz v. Decker*, 2018 WL 6928794, *12 (S.D.N.Y Dec. 28, 2018) ("*Mezei* does not compel the categorical conclusion that all arriving aliens may be subject to prolonged confinement without a bond hearing."), those decisions simply do not square with Supreme Court and Eleventh Circuit precedent. And, in any event, Petitioner's detention here does not raise concerns with a base level of procedural due process. Rather, it is precisely because Petitioner has taken advantage of various due process protections offered to him, he is still being detained rather than removed.

After a *de novo* consideration of the entire file in this action, including the report and recommendation and Petitioner's objections thereto, the court

**OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** and **ORDERED** this October 3, 2019.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE